**In re HANSEN, Molly M., Debtor.**

**No. 07–11389–BH.**

United States Bankruptcy Court, W.D. Oklahoma.

Sept. 20, 2007.

Gary D. Hammond, Oklahoma City, OK, for Debtor.

### MEMORANDUM AND ORDER DENYING U.S. TRUSTEE'S MOTION TO DISMISS

RICHARD L. BOHANON, Bankruptcy Judge.

The United States Trustee has moved to dismiss this petition alleging that it constitutes abuse as provided in 11 U.S.C. § 707(b)(2). This statute contains the "means test" applied by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. It fundamentally requires debtors to calculate their income and deduct certain expenses to see whether or not they are entitled to bankruptcy protection.

The issue at hand concerns whether the debtor can deduct expenses for a secured debt under circumstances where the debtor intends to surrender the collateral after filing her petition.

The motion concerns only[1] an interpretation of 11 U.S.C. § 707(b)(2)(A)(iii)(I) where it says that in making the calculation the debtor can deduct "the total of all amounts scheduled as contractually due to secured creditors in each month of the 60 months following the date of the petition." In sum, if the debtor can deduct the payments due on the collateral, there is no abuse and she is entitled to bankruptcy protection.

■ As demonstrated by the parties' briefs, there are cases on the issue going every which way, coming from a myriad of courts.

■ It is obvious we must commence by examining the language of the statute itself. *See In re Horwitz,* 167 B.R. 237 (Bankr.W.D.Okla.1994). In that case I expressed my opinion that statutes, except in rare cases of absurd ambiguity, are to be given their plain meaning, and the courts are not empowered to read into them language not included by Congress.

The movant argues that Congress meant to make it more difficult for debtors with income to file for bankruptcy, and his theory of the case will accomplish that goal. That may well be the case, but I need look only at the language in question for there is no ambiguity in it. And on the other hand, one also could say that Congress

---

1. Certain other issues raised in the motion have been bifurcated.

wanted to include an inducement for debtors to surrender collateral, avoiding the time and expense necessary for creditors to repossess or foreclose it.

Here, the debtor had scheduled debts owing to the secured creditor when she filed her petition. No one questions that. The plain language of the statute means she can, thus, deduct the payments due for that debt on the petition date in calculating her allowable expenses.

The movant would have the court apply the statute to read that only debts due in the future can be deducted. In so doing, he would have the court modify the statute to read "scheduled as to be contractually due ..." Inclusion of he words "to be" would require a forward look, but they simply aren't to be found in the legislation. Accordingly, there is no cause to look beyond the plain language to find some overreaching scheme which requires the conclusion that the statute is ambiguous and thus requires the court to apply some meaning not expressed by the Congress.

Earlier this year, then Chief Judge Weaver considered this exact issue in his comprehensive and well-reasoned decision in *In re Galyon,* 366 B.R. 164 (Bankr. W.D.Okla.2007), and I choose to follow that precedent in lieu of cases urged by the movant from other circuits and districts. He cogently writes that

> [t]he debt remains 'scheduled' unless and until the debtor amends her schedules to delete it. She has not filed such an amendment.

> Thus, concluding that the subject debt was 'scheduled', the question remains whether it was also 'contractually due.' There can be no doubt that when the debtor filed her bankruptcy petition, her contractual arrangement with her creditors required her to make payments on the subject indebtedness until the debt was paid in full.

*Galyon* at 169.

 The statute is plain, and it is not for this court to wonder why the Congress didn't write it otherwise so as to apply in the future. If that is what Congress wanted to say, it is up to it to amend the section to include the necessary language, not this court.

Accordingly, the relief requested by the motion to dismiss is denied so far as this issue is concerned.